[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE RESPONDENT'S MOTION FOR SUMMARY JUDGMENT
For the reasons set forth in this court's Memorandum of Decision Re Petitioner's Motion for Summary Judgment, dated June 30, 1995, the respondent's motion for summary judgment is granted.
The only fundamental issue rendered in dispute by the petition for habeas corpus was that of the petitioner's status as a fugitive within the meaning of the Uniform Criminal Extradition Act, General Statutes § 54-157, et seq. The petitioner contended in his petition that the prior habeas court (Stanley, J.) had held that "for the purposes of all relevant statutes, the petitioner is not a fugitive from justice" (Petition for a Writ of Habeas Corpus, Paragraph 12), and/or that the doctrine of res judicata bars any further attempt by the state to relitigate the matter of his extradition (Petition, Paragraph 13) and/or the doctrine of collateral estoppel bars relitigation of the petitioner's fugitivity (Petition, Paragraph 14) and/or that the issuance of a governor's warrant is premature in light of the then pending appeal of Judge Stanley's decision. The Memorandum of Decision Re Petitioner's Motion for Summary Judgment addressed each of these contentions. As to the first, Judge Stanley's decision granting the writ of habeas corpus did not hold that the petitioner was not a fugitive within the meaning of the Uniform Criminal Extradition Act; second and third, this court found that neither res judicata nor collateral estoppel were applicable to this case. Finally, the appeal of Judge Stanley's decision has been dismissed as moot. CT Page 9107
Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. (Internal citation omitted.) Giardino v. Bourbeau,193 Conn. 116, 122 (1984). The petition herein does not challenge whether the extradition documents on their face are an order, whether the petitioner has been charged with a crime in the demanding state or whether he is the person named in the request for extradition. The issue that had been placed in dispute by the petition, namely the question of whether petitioner is a fugitive) is in dispute no longer, this court having ruled against the petitioner with respect to his several alternative theories supporting his contention that he was not a fugitive.
There are no factual matters concerning the instant petition for writ of habeas corpus remaining in dispute. Summary judgment is therefore granted, and the petition for a writ of habeas corpus is dismissed.
Jonathan E. Silbert, Judge